IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal Action No. 3:01-CR-177-D(1) |
| VS. § | |
| § | |
| BOBBY DEE COUNTRYMAN, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Bobby Dee Countryman ("Countryman") moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. The government opposes the motion, contending that Countryman is ineligible for a sentence reduction. Because the court concludes that Countryman is ineligible for a sentence reduction under Amendment 782, it denies his motion. Alternatively, even if the court assumes that Countryman is eligible for a sentence reduction, it denies the motion in its discretion.

I

In 2001 Countryman, one of eighteen defendants named in the original indictment, pleaded guilty to the offense of conspiracy to manufacture, possess with intent to distribute, and to distribute a controlled substance, in violation of 21 U.S.C. § 846. Based on the type of drug (methamphetamine) and quantity, he was subject to a sentence of imprisonment ranging from a mandatory minimum period of 10 years to a maximum period of life in

prison, if convicted. Countryman pleaded guilty under the terms of a binding Fed. R. Crim. P. 11(e)(1)(C)* plea agreement ("Plea Agreement"). The Plea Agreement provided in ¶ 4, entitled "SENTENCING":

> The sentence in this case will be imposed by the court. There is no agreement as to what that sentence will be. Sentencing in this case will fall under the Sentencing Reform Act of 1984, making the sentencing guidelines applicable. Pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the government agrees that an appropriate sentence in this case is three hundred (300) months. In the event the Court sentences the defendant above three hundred (300) months, the defendant would have the opportunity to withdraw his guilty plea.

Plea Agreement ¶ 4.

After Countryman pleaded guilty, the probation officer prepared a presentence report ("PSR"). The PSR determined that Countryman was accountable for at least 19 kilograms of methamphetamine, resulting in a base offense level of 38 under what were then mandatory Guidelines. *See* PSR ¶¶ 49, 71 (citing U.S.S.G. § 2D1.1(c)(1)). Six levels were added to the base offense level on the basis that Countryman had engaged in conduct that endangered the lives of unsuspecting neighbors and a minor child, *id.* at ¶ 72; and four levels were added based on his leadership role in the conspiracy, *id.* at ¶ 74. Countryman's total offense level was 48. *Id.* at ¶ 77. But because the Guidelines do not provide for a total offense level greater than 43, the PSR treated Countryman's offense level as a 43. *Id.* Combined with a

---

*Rule 11(e)(1)(C) was renumbered as Rule 11(c)(1)(C) when the Rules of Criminal Procedure were restyled. No substantive change was made to the Rule.

criminal history category of VI, Countryman's guideline range was life in prison. Judge Sanders accepted the Plea Agreement and sentenced Countryman to 300 months' imprisonment.

Several years later, following Judge Sanders' death and the recusal of another judge of this court, this case was reassigned to the undersigned's docket. After the United States Sentencing Commission adopted Amendment 782 and made it retroactive, Countryman filed the instant motion for a reduction in his sentence. Following this court's standard screening procedure for addressing such motions, the United States Probation Office concluded that Countryman's motion should be denied because he is ineligible for a sentence reduction. This is so because, even giving Countryman the benefit of the amended base offense level of 36, when 10 levels are added, this results in a total offense level of 46, which is reduced to 43. Combined with a criminal history category of VI, Countryman's guideline range is life in prison, which is still more than the 300-month sentence that he received. The government agrees with the probation office, and it asks the court to deny Countryman's motion.

II

Countryman maintains that he qualifies for a sentence reduction under § 3583(c)(2) because the Rule 11(e)(1)(C) plea was based on a calculated guideline range, and, more important, was entered into as a substitute for a substantial assistance motion under U.S.S.G. § 5K1.1. He contends that he is entitled to a sentence reduction just as would any other defendant who was sentenced under a U.S.S.G. § 5K1.1 substantial assistance sentence.

- 3 -

According to Countryman, he and the government simply used the vehicle of a Rule 11(e)(1)(C) plea agreement to accomplish the result of crediting him for his substantial assistance. On this basis, he treats the 300-month sentence as if it reflected a total offense level of 34. He then reduces that level by two levels based on the retroactive guideline amendment, resulting in a revised level of 32. Combined with his criminal history category of VI, Countryman posits that the new guideline range is 210 to 262 months, and he requests a mid-range sentence of 235 months.

### III

Section 3582(c)(2) authorizes a court to modify a sentence "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).'" *United States v. Chopane*, 603 Fed. Appx. 325, 326 (5th Cir.) (per curiam) (quoting § 3582(c)(2)), *cert. denied*, ___ U.S. ___, 136 S.Ct. 268 (2015). Amendments 782 and 788 became effective on November 1, 2014, and retroactively lowered base offense levels in U.S.S.G. § 2D1.1. *See* U.S.S.G., supp. to app. C., amend. 782, at 64-74, amend. 788, at 86-88 (Nov. 1, 2014). "[T]he district court has authority to entertain § 3582(c)(2) motions when sentences are imposed in light of the Guidelines, even if the defendant enters into an 11(c)(1)(C) agreement." *Freeman v. United States*, ___ U.S. ___, 131 S.Ct. 2685, 2693 (2011) (plurality opinion).

Countryman is not eligible for a sentence reduction. As the court has explained above, the PSR determined that Countryman was accountable for at least 19 kilograms of

- 4 -

methamphetamine, resulting in a base offense level of 38. *See* PSR ¶ 71 (citing U.S.S.G. § 2D1.1(c)(1)). After ten levels were added for specific offense characteristics, the total offense level became 48, which was capped at offense level 43, as the Guidelines require. *See id.* at ¶ 77. Even using the amended base offense level of 36, when ten levels are added for specific offense characteristics, the total offense level becomes 46, which is capped at offense level 43. For a defendant in criminal history category VI, both guideline ranges provide for a sentence of life in prison. Countryman was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. And his sentence of 300 months (provided for under the Plea Agreement cap) is lower than both the old and new ranges.

While it is true that under the Supreme Court's decision in *Freeman* the district court can entertain a § 3582(c)(2) motion when a sentence is imposed in light of the Guidelines—even if the defendant enters into a Rule 11(e)(1)(C) (now Rule 11(c)(1)(C)) agreement—Countryman has not demonstrated that his sentence qualifies under *Freeman*. He relies on the unsworn assertions in his responses of March 9, 2016, April 11, 2016, and June 16, 2016 to contend that it does. In his June 16, 2016 supplemental response, he represents that he and the Assistant United States Attorney conferred by telephone, and that "[w]e both agree that our recollection was that Mr. Countryman did in fact debrief and that his sentence under Rule 11[(e)](1)(C) was in fact a substitute for a Substantial Assistance Motion." D. Supp. Resp. 2. But despite this assertion, the government opposes Countryman's motion, and the certificate of conference in the June 16, 2016 supplemental

- 5 -

response indicates that the government is opposed.

The court therefore concludes that Countryman is not entitled to a sentence reduction because the amended guideline does not have the effect of reducing his guideline range, as capped by the Rule 11(e)(1)(C) plea agreement.

IV

Alternatively, even if the court assumes *arguendo* that Countryman is eligible for a reduction in his sentence, the court denies his motion in its discretion.

A

When considering a § 3582(c)(2) motion, the court must first determine whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If he is eligible, the court must then "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827. The court is under no obligation to reduce the defendant's sentence. *United States v. Evans*, 587 F.3d 667, 673 & 673 n.9 (5th Cir. 2009) (citing *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009) (per curiam)). And because the court is not obligated to reduce the sentence at all, it does not have to reduce it further than it did within the recalculated guidelines range. *See id.* at 673.

B

Having considered the applicable § 3553(a) factors, as well as Countryman's mitigating assertions, his positive post-sentence rehabilitation efforts, the need to avoid unwarranted sentence disparities among similarly situated defendants, and all other grounds

- 6 -

on which Countryman relies in his motion, the court concludes in its discretion that defendant's motion should be denied.

First, Countryman was convicted of a serious drug offense, and he exercised a leadership role.

Second, Countryman's criminal history category is VI, but even that does not capture the extent of his criminal history. He had 21 total criminal history points. PSR ¶ 99. He was on supervised release when he committed the instant offense. *Id.* at ¶ 97. He has numerous prior offenses (starting at age 19) for which he received no criminal history points. He has four prior federal convictions, *id.* at ¶¶ 80, 86, 94, and 95, including a 1987 conviction for which he was sentenced by the undersigned, as well as a supervised release revocation based on his escape from the VOA, *id.* at ¶ 95.

Third, Countryman did not receive acceptance of responsibility in this case because, while he was being detained, he made several telephone calls instructing his girlfriend and daughter to smuggle marihuana into the detention center. *Id.* at ¶ 69.

Fourth, despite Countryman's advanced age, the condition of his health, his low security classification, his conduct while in prison, and his efforts at rehabilitation, he is a defendant with an extensive criminal history who continued to engage in serious criminal conduct even after turning age 60, after having been convicted of multiple federal crimes, and while on federal supervised release. Countryman relies in part on his advanced age, poor health, and the fact that he uses a walker. But Countryman was still committing serious crimes at an advanced age. And even people who have health issues and use a walker can

plan crimes and direct others on how to commit them. Someone like Countryman who has essentially lived a life of crime continues to pose a danger to the public that outweighs the grounds that would otherwise support reducing his sentence.

\* \* \*

For the reasons explained above, the court denies Countryman's June 23, 2015 motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), both because he is not eligible for a sentence reduction and because the court concludes in its discretion that his sentence should not be reduced.

**SO ORDERED**.

October 27, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE